**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

---------------------------------------------------------   X
NEW YORK SHIPPING ASSOCIATION,                           :
INC., et al.,                                            :        **Document Filed Electronically**
                                                         :
                         Plaintiffs,                     :        **Civil Action No.: 10-cv-6261**
                                                         :        **(DRD) (MAS)**
             -v-                                         :
                                                         :
INTERNATIONAL LONGSHOREMEN'S                             :
ASSOCIATION, AFL-CIO, et al.,                            :
                                                         :
                         Defendants.                     :
---------------------------------------------------------   X

---

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(1)**

---

MARRINAN & MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, New York 10004
Tel:  (212) 425-3240
Fax: (212) 943-6649

*Attorneys for Defendants*
*International Longshoremen's Association, AFL-CIO;*
*Local 1, International Longshoremen's Association,*
*AFL-CIO; Local 920, International Longshoremen's*
*Association, AFL-CIO; Local 1233, International*
*Longshoremen's Association, AFL-CIO;*
*Local 1566, International Longshoremen's*
*Association, AFL-CIO; and*
*Local 1814, International Longshoremen's*
*Association, AFL-CIO*

1003-213
21489

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................... **1**

FACTS ......................................................................................................................... **2**

ARGUMENT................................................................................................................. **6**

   I.  STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(1) ................... 6

  II.  PLAINTIFFS ARE CONTRACTUALLY
      BOUND BY THE CBA TO ARBITRATE THEIR CLAIMS .................................................7

   A.  THIS COURT HAS HELD THAT LMRA
       SECTION 303 STATUTORY CLAIMS ARE ARBITRABLE ..................................... 7

   B.  SECOND CIRCUIT .................................................................................... 10

CONCLUSION............................................................................................................ 11

## TABLE OF AUTHORITIES

**Cases**                                                                    **Page(s)**

*Alphonse Hotel Corp. v. New York Hotel &*
   *Motel Trades Council, AFL-CIO,*
   117 Fed. Appx. 803 (2d Cir. 2005) ...................................................................... 10

*Alphonse Hotel Corp.,* 2004 U.S. Dist.
   LEXIS 3358  (S.D.N.Y. Mar. 5, 2004) .................................................................. 10

*AT&T Technologies Inc. v. Communications Workers*
   *of America et al.,* 475 U.S. 643 (1986) ............................................................... 9, 10

*Berardi v. Swanson Mem'l Lodge No. 48*
   *of Fraternal Order of Police,* 920 F.2d 198 (3d Cir. 1990) ..................................... 6

*Burgess Steel Products Corp. v. Iron Workers*
   *Locals, 40, etc.,* 1999 U.S. Dist. LEXIS 15524 at 27 ............................................. 7

*E.M. Diagnostic Systems, Inc. v. Local 169,*
   *Int'l Bhd. of Teamsters,* 812 F.2d 91 (3d Cir. 1987) ............................................ 10

*Farmland Dairies, Inc. v. Milk Drivers*
   *& Dairy Employees Union Local 680,*
   956 F. Supp. 1190 (D.N.J. 1996) ............................................................................ 7

*Gilmer v. Interstate/Johnson Lane Corp.,*
   500 U.S. 20 (1991) .................................................................................................. 7

*In re Oil Spill of Amoco Cadiz,*
   659 F.2d 789 (7th Cir. 1981) .................................................................................. 9

*Interstate Brands Corp. v. Bakery Drivers &*
   *Bakery Goods Vending Machines,*
   *Local Union No. 550,* 167 F.3d 764 (2d Cir. 1999), ............................................. 10

*Interstate Brands Corp.,* 1998 U.S. Dist.
   LEXIS 21596 (E.D.N.Y. 1998) ............................................................................. 10

*Kehr Packages v. Fidelcor, Inc.,*
   926 F.2d 1406 (3rd Cir. 1991) ................................................................................ 6

*McDonnell v. Engine Distributors,*
   314 Fed. Appx. 509 (3d Cir. 2009) ......................................................................... 2

1003-213
21489

*Mitsubishi Motors Corp. v. Soler Chrysler-*
*Plymouth, Inc.,* 473 U.S. 614 (1985) ...................................................................... 7

*Mortellite v. Novartis Crop Prot., Inc.,*
460 F.3d 483 (3d Cir. 2006)............................................................................... 2

*Mortensen v. First Fed. Sav. and Loan Ass'n,*
549 F.2d 884 (3d Cir. 1977)............................................................................... 6

*NYP Holdings, Inc. v. Newspaper and*
*Mail Deliverers Union of New York,*
2002 U.S. Dist. LEXIS 13151;
170 L.R.R.M. 3056 (S.D.N.Y. 2002).............................................................. 10

*Pritzker v. Merrill Lynch, Inc.,*
7 F.3d 1110 (3d Cir. 1993)................................................................................. 7

*Rodriguez de Quijas v. Shearson/American*
*Express, Inc.,* 490 U.S. 477 (1989) .................................................................... 7

*Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220 (1987) ........................... 7

*Steelworkers v. Warrior & Gulf Navigation Co.,*
363 U.S. 574 (1960)........................................................................................... 9

## Statutes

29 U.S.C. § 158(b)(4) ....................................................................................................... 5
Section 301 LMRA, 29 U.S.C. § 185 ......................................................................... 8, 9
Section 303, LMRA, 29 U.S.C. § 187 .................................................................. *passim*

## Rules

Rule 12(b)(1) of the Federal Rules of Civil Procedure............................................... 2, 6

MARRINAN & MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, New York 10004
(212) 425-3240
Kevin Marrinan
kmarrinan@mmmpc.com
John P. Sheridan
jsheridan@mmmpc.com

*Attorneys for Defendants*
*International Longshoremen's Association, AFL-CIO;*
*Local 1, International Longshoremen's Association,*
*AFL-CIO; Local 920, International Longshoremen's*
*Association, AFL-CIO; Local 1233, International*
*Longshoremen's Association, AFL-CIO; Local 1566, International*
*Longshoremen's Association, AFL-CIO; and*
*Local 1814, International Longshoremen's Association, AFL-CIO*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

| | | |
|---|---|---|
| ------------------------------------------------------- | X | |
| NEW YORK SHIPPING ASSOCIATION, | : | |
| INC., et al., | : | **Document Filed Electronically** |
| | : | |
| Plaintiffs, | : | **Civil Action No.: 10-cv-6261** |
| | : | **(DRD) (MAS)** |
| -v- | : | |
| | : | |
| INTERNATIONAL LONGSHOREMEN'S | : | |
| ASSOCIATION, AFL-CIO, et al., | : | |
| | : | |
| Defendants. | : | |
| ------------------------------------------------------- | X | |

## MEMORANDUM OF LAW IN SUPPORT OF
## DEFENDANTS' MOTION TO DISMISS
## PLAINTIFFS' COMPLAINT PURSUANT TO RULE 12(b)(1)


## INTRODUCTION

The Defendant International Longshoremen's Association, AFL-CIO ("ILA"),

together with the Defendants Local 1, Local 920, Local 1233, Local 1566 and Local 1814

1003-213
21489

(collectively the "Moving Defendants") respectfully submit this memorandum in support of their Motion to Dismiss Plaintiffs' Complaint pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

This litigation was dismissed by the Court on October 17, 2011 at the request of the Parties because they had agreed to refer the dispute to arbitration. The Plaintiffs asked to reopen the litigation by letter dated December 9, 2011, asserting that the Parties were unable to come to an agreement about the referral to arbitration. Unfortunately, Plaintiffs' letter was less than accurate. When the Parties initially informed the Court about the agreement to arbitrate on October 11, 2011, the Parties had entered into a valid contract under both New Jersey and New York law.[1] Plaintiffs cannot now unilaterally repudiate their contractual obligations simply because they have changed their minds. All Defendants are still ready and willing to perform, and there is nothing that prevents the Plaintiffs from arbitrating the dispute as they initially promised to do. Accordingly, this Court should enforce the Parties' agreement and order the Plaintiffs to comply with their obligations. Moreover, as this Memorandum will show, even before the Parties' agreement in this case, the collective bargaining agreement between the Parties had already imposed a contractual obligation to arbitrate. Plaintiffs' abrupt decision to renege on their promises has done nothing but waste the Court's time.

## FACTS

For the purpose of this motion, the facts alleged by the Plaintiffs in the Complaint are not disputed by Defendants.[2] In addition, the Defendants rely for this motion on the

---

[1]     A settlement agreement is nothing more than a contract. *Mortellite v. Novartis Crop Prot., Inc.*, 460 F.3d 483, 492 (3d Cir. 2006). Federal courts have enforced oral settlement agreements even when the memorializing document is never finalized or signed. *See, e.g., McDonnell v. Engine Distributors,* 314 Fed. Appx. 509 (3d Cir. 2009).

1003-213
21489

2

language of the collective bargaining agreement ("CBA") between the parties.  Relevant portions

of the CBA are submitted herewith as Exh. A to the Certification of John P. Sheridan.

("Sheridan Cert.")

   All defendants are labor unions whose members work as longshoremen or in

related crafts either in the Port of Philadelphia ("the Philadelphia unions") or the Port of New

York and New Jersey ("the NY/NJ unions").  (Compl. ¶¶ 34-41, 43-45).  Plaintiff New York

Shipping Association, Inc. ("NYSA") is the multiemployer collective-bargaining representative

for employers of longshoremen in the Port of New York and New Jersey ("Port of NY/NJ").

(Compl. ¶ 5).  NYSA's membership consists of shipping companies, stevedoring companies and

marine-terminal operators and other employers of waterfront workers in the Port of NY/NJ.

(Compl. ¶ 5).  NYSA's principal functions are labor-contract negotiation and administration.

(Compl. ¶ 5).

   The remaining plaintiffs in this litigation are all members of NYSA.  (Compl. ¶¶

6-24, 26-31, 33).  As such, all plaintiffs are bound by the CBA between NYSA and the ILA, also

known as the "NYSA-ILA Contract."  (Compl. ¶¶ 5-24, 26-31, 33).  The NY/NJ unions are also

bound by the NYSA-ILA Contract.  (Compl. ¶¶ 34-41).

   The NYSA-ILA Contract's Article XXV is entitled: "Grievance and Arbitration,"

and Section 1, of that Article reads in relevant part:

> **Section 1. Scope**
>
>  Any grievance, dispute, complaint, or claim arising out of
> or relating to this Agreement shall be handled and disposed of in
> the manner hereinafter provided in this Article, and all of the
> parties hereto shall be bound by any decisions made in accordance
> therewith.

---

[2] References to the Plaintiffs' Complaint are designated as "Compl. ¶ __."

*See* Sheridan Cert., Exh. A.

Plaintiffs concede in their Complaint that the arbitration clause covers "all disputes":

> The NYSA-ILA CBA currently in full force and effect prescribes wages, hours, and other terms and conditions of employment for the various crafts of longshore employees.  The agreement contains a comprehensive provision for the submission and settlement of all disputes under the labor contract through the contract's grievance and dispute resolution process, culminating in the arbitration of disputes not resolved through the grievance procedure, and states that all parties to the agreement agree to abide by the outcome of this procedure.

(Compl. ¶ 58).

Article XXIV of the NYSA-ILA CBA provides that during its term "there shall be no strikes or work stoppages by the employees." That article also provides that the right of ILA members not to cross a bona fide picket line is recognized by the employers.  (Sheridan Cert., Exh. A; Compl. ¶ 59).

The genesis of this litigation dates to the summer of 2010 when Del Monte Fresh Produce N.A., Inc. ("Del Monte") announced that it would move its operations from an ILA-staffed facility in the Port of Philadelphia to a non-ILA facility in the same port.  As a result of this action, hundreds of ILA members in Philadelphia lost their jobs.  (Compl. ¶¶ 54-55).

On September 29, 2010, some members of the Philadelphia unions traveled to the Port of NY/NJ and stood outside various marine terminals holding picket signs that protested Del Monte's actions.  (Compl. ¶¶ 67-68).  Members of the NY/NJ unions refused to cross these picket lines, which resulted in a two-day work stoppage in the Port of NY/NJ.  (Compl. ¶¶ 69, 76-77).

1003-213
21489

On December 3, 2010, Plaintiffs filed their Complaint in this Court containing a claim under Section 303 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 187, alleging that the work stoppage constituted a secondary boycott in violation of Section 8(b)(4) of the National Labor Relations Act ("NLRA") and seeking damages arising from the work stoppage.  29 U.S.C. § 158(b)(4).  (D.I. # 1). [3] (Compl. ¶¶ 81-90).

By letter dated September 20, 2011, the undersigned wrote to the Honorable Dickinson R. Debevoise to request permission to make a motion to dismiss Plaintiffs' Complaint, pursuant to Fed.R.Civ.P. 12(b)(1) on the ground that this Court lacks subject matter jurisdiction since Plaintiffs' statutory claims are subject to arbitration.  (D.I. # 39).  By letter order dated September 23, 2011, Judge Debevoise granted permission to file the motion.  After the Court granted permission to file the motion, the parties conferred.  Plaintiffs offered to agree to arbitration so long as the defendants would agree to certain conditions: first, the defendants had to agree that the clawback agreement and confidentiality agreement would continue to apply and the Philadelphia locals would agree to be bound.  The defendants agreed to these conditions.  By letter dated October 11, 2011, Defendants advised the Court as follows:  "all parties in this lawsuit met prior to our filing the motion and agreed that this matter should be referred to arbitration."  (D.I. #  42).  Based upon the representation in the October 11, 2011 letter, an Order issued on October 17, 2011, in which the Court dismissed the case without prejudice.

On December 9, 2011, Plaintiffs filed a letter motion seeking to reopen the case. (D.I. # 45).  Although the conclusions Plaintiffs draw in that letter are incorrect, the chronology the letter recounts is accurate:  on October 17, 2011, Defendants circulated a document that was intended to memorialize the agreement to arbitrate that that the parties had entered into on

---

[3]     References to the docket are styled as "D.I. # __"

October 11, 2011. Within two days, Plaintiffs had circulated their edits to this document. There were no further *written* communications about the arbitration document, largely because Defendants had no additional edits, and as Plaintiffs indicate in their letter to the Court, the parties began to focus on intense settlement discussions. However, until they filed their December 9, 2011, letter, the parties continued to have oral discussions about arbitration and at no time did Plaintiffs repudiate arbitration as the procedure to follow in case the settlement discussions were unsuccessful. As the parties have recently reported in their Joint Discovery Plan, settlement discussions have been ongoing since the case was dismissed and continue until the present. (D.I. # 48 at 4). Although the document containing the terms of the agreement was never signed, Defendants have recently sent Plaintiffs' counsel a copy incorporating all Plaintiffs' proposed changes and indicating that Defendants consent. Sheridan Cert., Exh. B.

## ARGUMENT

### I.    STANDARD FOR MOTION TO DISMISS PURSUANT TO RULE 12(b)(1)

When a defendant brings a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), the plaintiff has the burden of persuasion to convince the court it has jurisdiction over their case. *See Kehr Packages v. Fidelcor, Inc.,* 926 F.2d 1406, 1409 (3rd Cir. 1991) (citing *Mortensen v. First Fed. Sav. and Loan Ass'n,* 549 F.2d 884, 891 (3d Cir. 1977). Where a motion to dismiss creates a factual issue regarding subject matter jurisdiction, there is no presumption of truthfulness to the jurisdictional allegations in the Complaint. *Mortensen,* 549 F.2d at 891. In assessing a Rule 12(b)(1) motion, the parties may submit and the court may consider affidavits and other relevant evidence outside the pleadings. *Berardi v. Swanson Mem'l Lodge No. 48 of Fraternal Order of Police,* 920 F.2d 198, 200 (3d Cir. 1990).

1003-213
21489

II.     PLAINTIFFS ARE CONTRACTUALLY
        BOUND BY THE CBA TO ARBITRATE THEIR CLAIMS

        This Court noted over ten years ago the "growing trend among the Circuits"

requiring the arbitration of statutory claims.  *Burgess Steel Products Corp. v. Iron Workers*

*Locals, 40, etc.,* 1999 U.S. Dist. LEXIS 15524 at 27, *citing Pritzker v. Merrill Lynch, Inc.*, 7 F.3d

1110, 1111-12 (3d Cir. 1993) (holding that ERISA claims are subject to arbitration).  *See*

*Farmland Dairies, Inc. v. Milk Drivers & Dairy Employees Union Local 680*, 956 F. Supp. 1190,

1200 (D.N.J. 1996).

        The Supreme Court moved decisively in this direction with its landmark decision,

*Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614 (1985), which held that

a broad arbitration clause does not need to specifically include statutory claims to include them.

Since that time, the Supreme Court has held that many other statutory claims, the arbitrability of

which had previously been questioned, could properly be heard in an arbitral forum.  The leading

case in this regard is *Gilmer v. Interstate/Johnson Lane Corp.,* 500 U.S. 20 (1991), where the

Court found that a claim brought under the Age Discrimination in Employment Act was subject

to arbitration.  *See also Rodriguez de Quijas v. Shearson/American Express, Inc.*, 490 U.S. 477

(1989) (securities claims brought under Section 12(2) of the Securities Act of 1933 held to be

arbitrable); *Shearson/American Express, Inc. v. McMahon,* 482 U.S. 220 (1987) (Court finds that

cause of action under Section 10(b) of the Securities Exchange Act of 1934 and civil RICO claim

are arbitrable).

   A.  This Court Has Held That LMRA
       Section 303 Statutory Claims Are Arbitrable

        This Court has specifically held that Section 303 claims are (in addition to other

statutory claims) indeed arbitrable when there is a broad arbitration clause like the one here.  In

*Farmland Dairies*, this Court observed:  "It is difficult to perceive why claims arising under §

303 of the LMRA should be any less amenable to adjudication in an arbitral forum than claims

arising under § 301 or the claims arising under [numerous other] statutes."  *Id.* at 1202.  The

Court concluded that "[w]hile § 303 seeks to provide a judicial remedy for violations of [the

prohibition against secondary boycotts], <u>there is no indication that the remedy was meant to be</u>

<u>exclusive</u> if the parties have agreed otherwise."  *Id.* (<u>Emphasis added</u>).  The Court held that the

employer's action under Section 303 could not be asserted in District Court in light of the

parties' broad arbitration clause within their collective bargaining agreement.  The arbitration

clause in that case was similar to the one here:

> Any and all grievances, disputes and controversies arising under or
> in connection with the terms or provisions of this agreement, or in
> connection with or relating to the application or interpretation of
> any of the terms or provisions hereof, or in respect to anything not
> herein expressly provided but germane to the subject matter of this
> Agreement and affecting an employee, an Employer, or the Union,
> which the representatives of the Union and the employer have been
> unable to adjust, shall be submitted for arbitration, upon the
> request of either party to this Agreement to an Arbitrator …

*Id.* at 1193.

The Court also held that "[c]ertainly, the factual basis of Farmland's claim for damages under §

303 is found in the subject matter of its collective bargaining agreement with the defendants."

*Id*. at 1202.  In that case, the defendant unions had caused a work stoppage at the plaintiff

employer by picketing plaintiff's facility with union members from other employers, which

caused Farmland's employees to refuse to cross the picket line.  As such, the fact pattern in

*Farmland* is similar to Plaintiffs' allegations in this case, where members of the Philadelphia

locals picketed employers in the NY/NJ Port.

1003-213
21489

8

In *Farmland Diaries*, the plaintiffs initially sued the union under § 301 of the

LMRA, 29 U.S.C. § 185, but when that claim was faced with being dismissed, the plaintiff

proposed filing an amended complaint with a claim under § 303.  This Court rejected plaintiff's

proposed amendment as futile:

> Farmland's claims under §§ 301 and 303 are all from the same
> series of underlying events – the alleged violation of the grievance
> and arbitration and no-strike clauses of the agreement.

*Id.*  In this case, work stoppages are covered by Article XXIV of the CBA, which also covers the

right of employees to refuse to cross a *bona fide* picket line.  Thus work stoppages are covered

by the CBA.

Quoting the Seventh Circuit, this Court held that "whether a particular claim is

arbitrable depends not upon the characterization of the claim, but upon the relationship of the

claim to the subject matter of the arbitration clause. . . . [W]ere the rule otherwise, a party could

frustrate any agreement to arbitrate simply by the manner in which it frames it claims."  *Id.* at

1202-1203 (quoting *In re Oil Spill of Amoco Cadiz*, 659 F.2d 789, 794 (7th Cir. 1981)).

Like *Farmland Dairies,* the arbitration clause between the Defendants and

Plaintiffs in this case is also broadly encompassing, including "<u>any</u> grievance, dispute, complaint

or claim arising out of or relating to this Agreement."  (<u>Emphasis added</u>).  Plaintiffs concede in

their Complaint that the grievance and arbitration provision of the CBA is "comprehensive."

(Compl. ¶58).  In the face of a broad arbitration provision, the party opposing arbitration must

provide an "express provision excluding a particular grievance from arbitration" or the "most

forceful evidence of a purpose to exclude the claim from arbitration" to prevail.  *AT&T*

*Technologies Inc. v. Communications Workers of America et al.,* 475 U.S. 643, 650 (1986)

(quoting *Steelworkers v. Warrior & Gulf Navigation Co.,* 363 U.S. 574, 584-85 (1960)); *see also*

1003-213
21489

9

*E.M. Diagnostic Systems, Inc. v. Local 169, Int'l Bhd. of Teamsters,* 812 F.2d 91, 95 (3d Cir.

1987).  Plaintiffs cannot point to any language, anywhere in the agreement, which excludes a

claim for secondary boycott from the requirements of arbitration.  As there is no express

provision excluding the current grievance from arbitration or any "forceful evidence of a purpose

to exclude the claim from arbitration," Plaintiffs' claims are clearly covered by the contract's

broad arbitration agreement and the presumption in favor of arbitration is thus *"particularly*

*applicable." See AT&T Technologies*, 475 U.S. at 650.

   B.  Second Circuit

          The Second Circuit has followed the *Farmland Dairies* decision and twice held

that LMRA § 303 claims are subject to arbitration clauses set forth in collective bargaining

agreements.  *Alphonse Hotel Corp. v. New York Hotel & Motel Trades Council, AFL-CIO*, 117

Fed. Appx. 803 (2d Cir. 2005), *aff'g Alphonse Hotel Corp.,* 2004 U.S. Dist. LEXIS 3358

(S.D.N.Y. Mar. 5, 2004) (dismissing employer's § 303 claim for lack of subject matter

jurisdiction where claims were subject to a broad grievance clause: "grievances arising between

the parties hereto involving . . . any acts conduct [sic] or relations between the parties, directly or

indirectly."); *Interstate Brands Corp. v. Bakery Drivers & Bakery Goods Vending Machines,*

*Local Union No. 550,* 167 F.3d 764, 767 (2d Cir. 1999), *aff'g Interstate Brands Corp.*, 1998 U.S.

Dist. LEXIS 21596 (E.D.N.Y. 1998), (dismissing LMRA Section 303 claim where the arbitration

clause required arbitration of "any act or conduct or relation between the parties hereto, directly

or indirectly."), *citing Farmland Dairies*.  Likewise, the Southern District of New York has

agreed *NYP Holdings, Inc. v. Newspaper and Mail Deliverers Union of New York,* 2002 U.S.

Dist. LEXIS 13151; 170 L.R.R.M. 3056 (S.D.N.Y. 2002) (holding § 303 claims to be arbitrable

where such claims were within the purview of grievance clause that included "[a]ll grievances,

1003-213
21489

10

differences, and disputes arising out of the interpretation or application of this agreement.")  In light of these holdings, therefore, it is clear that a broad arbitration clause in this case encompasses claims for damages under § 303 of the LMRA.


## CONCLUSION

For all the foregoing reasons, the Defendants respectfully urge the Court to grant its motion to dismiss Plaintiff's Complaint.


Dated:  January 13, 2012

Respectfully submitted,



/s/ Kevin Marrinan
Kevin Marrinan
John P. Sheridan
MARRINAN & MAZZOLA MARDON, P.C.
26 Broadway, 17th Floor
New York, New York 10004
Tel:  (212) 425-3240
Fax: (212) 943-6649

*Attorneys for Defendants*
*International Longshoremen's Association, AFL-CIO;*
*Local 1, International Longshoremen's Association,*
*AFL-CIO; Local 920, International Longshoremen's*
*Association, AFL-CIO; Local 1233, International*
*Longshoremen's Association, AFL-CIO;*
*Local 1566, International Longshoremen's*
*Association, AFL-CIO; and*
*Local 1814, International Longshoremen's*
*Association, AFL-CIO*

1003-213
21489

## CERTIFICATE OF SERVICE

I hereby certify that on this same date I electronically filed the foregoing with the

Clerk of the Court of the United States District Court for the District of New Jersey using the

CM/ECF system, which will send notification of such filing to Plaintiffs.

In New York, New York this January 13, 2012.


/s/ John P. Sheridan
John P. Sheridan